# EXHIBIT "1"

 **CT Corporation**

**Service of Process Transmittal**
04/26/2016
CT Log Number 529062097

TO: Anna Santos
Iqor, Inc.
44694 Via Lucido
Temecula, CA 92592-5834

RE: **Process Served in Florida**

FOR: ALLIED INTERSTATE LLC (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Cheryl Zondlo, Pltf. vs. Allied Interstate, LLC, Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Notice, Complaint, Verification |
| **COURT/AGENCY:** | LUZERNE COUNTY - COURT OF COMMON PLEAS, FL Case # 2016CV04177 |
| **NATURE OF ACTION:** | Defendant Violated automated dial announcing device |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/26/2016 postmarked on 04/20/2016 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after this complaint and notice are served |
| **ATTORNEY(S) / SENDER(S):** | Brett Freeman Sabatini Law Firm, LLC 216 N. Blakely St. Dunmore, PA 18512 (570) 341-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/26/2016, Expected Purge Date: 05/01/2016 |
| | Image SOP |
| | Email Notification, Anna Santos  annakarla.santos@iqor.com |
| | Email Notification, Kristina Marie Cuenco  KristinaMarie.Cuenco@iqor.com |
| | Email Notification, Hilary Busby  hilary.busby@iqor.com |
| | Email Notification, Brendan Lee  Brendan.Lee@iqor.com |
| **SIGNED:** **ADDRESS:** **TELEPHONE:** | C T Corporation System 1200 South Pine Island Road Plantation, FL 33324 954-473-5503 |

Page 1 of 1 / BS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**



US POSTAGE
$7.15
APR 20 2016
2 oz First-Class Mail Flats Rate
Mailed from ZIP 18512
endicia.com
071V0262110

USPS FIRST-CLASS  C010

SABATINI LAW FIRM, LLC
216 N BLAKELY ST
SCRANTON, PA 18512-1904

SHIP TO:
Allied Interstate, LLC
c/o CT Corporation System
1200 S Pine Island Rd
Plantation, FL 33324-4413

USPS CERTIFIED MAIL

9414 7102 0079 3971 7363 10

## SABATINI LAW FIRM, LLC

CARLO SABATINI*
KRISTIN SABATINI
BRETT FREEMAN
LEONARD GRYSKEWICZ, JR.^

216 N. Blakely St.
Dunmore, PA 18512
Phone: (570) 341-9000
Fax: (570) 504-2769
Satellite Office: Wilkes-Barre 823-9000

April 20, 2016

Allied Interstate, LLC
c/o CT Corporation System
1200 South Pine Island Road
Plantation, FL 33324

Via Certified Mail Return Receipt Requested

RE:  Cheryl Zondlo v. Allied Interstate, LLC
     Luzerne County Court of Common Please
     Docket: 2016-cv-04177

Dear Sir or Madam:

Enclosed please find the complaint with regard to the above-referenced matter. I look forward to your anticipated cooperation.

Sincerely yours,

Brett Freeman

BF/smd
Enclosure

* Board Certified - Consumer Bankruptcy Law - American Board of Certification
^ Also admitted in New Jersey

|  |  |
|---|---|
| Cheryl Zondlo<br>437 Penn Ave.<br>Dupont, PA 18641,<br><br>     Plaintiff<br> v.<br><br>Allied Interstate, LLC<br>c/o CT Corporation System, 1200 South Pine Island Road<br>Plantation, FL 33324,<br><br>     Defendant | IN THE LUZERNE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.<br><br>Jury Trial Demanded |

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u

otros derechos importantes para usted. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIóN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIóN SOBRE COMO CONTRATAR UN ABOGADO.

SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIóN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

| | |
|---|---|
| North Penn Legal Services, Inc.<br>33 N. Main Street,<br>Suite 200<br>Pittston, PA 18640<br>(570) 299-4100<br>(877) 953-4250 Toll free<br>(570) 824-0001 Fax | Servicios Legales de North Penn, Inc.<br>33 la Calle Main del Norte, Oficina 200<br>Pittston, PA 18640<br>(570) 299-4100<br>(877) 953-4250 Llamada gratuita<br>(570) 824-0001 Fax |
| 101 West Broad Street,<br>Suite 513<br>Hazelton, PA 18201<br>(570) 455-9512<br>(877) 953-4250 Toll Free<br>(570) 455-3625 Fax | 101 la Calle Broad del Oeste,<br>Oficina 513<br>Hazelton, PA 18201<br>(570) 455-9512<br>(877) 953-4250 Llamada gratuita<br>(570) 455-3625 Fax |

| | |
|---|---|
| Cheryl Zondlo,<br>　　　　　　Plaintiff<br><br>v.<br><br>Allied Interstate, LLC,<br>　　　　　　Defendant | IN THE LUZERNE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.<br><br>Jury Trial Demanded |

## **COMPLAINT**

### I.　　INTRODUCTION

1.　　This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the Act"). Defendant made multiple calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

### II.　　JURISDICTION AND VENUE

2.　　Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), which permits an action for a violation of the Act to be brought in an appropriate state court.

3.　　Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III.　　PARTIES

4.　　Plaintiff is a natural person who received telephone calls from Defendant.

5.　　Defendant, Allied Interstate, LLC, is a limited liability company. At all relevant times, Defendant placed calls to individuals in this state.

## IV.   STATEMENT OF CLAIM

6. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff has two telephone numbers that she has had at all relevant times.

9. At all relevant times these phone numbers have each been assigned to a cellular telephone service.

### *Count 1- Violation of the Act*

10. The foregoing paragraphs are incorporated herein by reference.

11. Defendant caused to be made over 250 calls to Plaintiff's telephone numbers.

12. At least some of these calls were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

13. Every year since 2010, Defendant has registered its dialing equipment with the Texas Public Utility Commission as being an "automated dial announcing device" ("ADAD").

14. Texas state law defines an ADAD as

> automated equipment used for telephone solicitation or collection that can:
> (1) store telephone numbers to be called or produce numbers to be called through the use of a random or sequential number generator; and
> (2) convey, alone or in conjunction with other equipment, a prerecorded or synthesized voice message to the number called without the use of a live operator.

Tex Util. Code Ann. § 55.121.

2

15. As part of its registration requirements, Defendant also must provide a list of telephone numbers that will be used by its ADADs.

16. Defendant has registered (877) 475-2883 and (800) 440-2843 as numbers that will be used by its ADADs.

17. Many, if not all, of the telephone calls Defendant placed to Plaintiff originated from the telephone numbers identified in the previous paragraph.

18. The Act regulates, *inter alia*, the use of an automatic telephone dialing system, which is defined as:

> equipment which has the capacity—
>
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers.

47 U.S.C. § 227(a)(1).

19. The FCC, the agency which is charged with implementing the Act, has repeatedly held that the proper test for whether equipment constitutes an automatic telephone dialing system is whether the equipment has the requisite *capacity*.

20. In other words, according to the FCC, the test is not whether the equipment is *currently* being used to store or produce telephone numbers to be called, using a random or sequential number generator, rather the test is whether the equipment has the *potential* to perform those functions.

21. It is believed, and therefore averred, that the test to determine whether equipment constitutes an ADAD—and thus requires registration with the Texas Public Utility Commission—is more restrictive than the test to determine whether equipment constitutes an automatic telephone dialing system.

3

22. Thus, because Defendant admits its equipment is an ADAD, it cannot now plausibly deny that its equipment has the capacity to function as an automatic telephone dialing system.

23. Furthermore, at least one Court in the Middle District of Pennsylvania has already held that Defendant's dialing equipment constitutes an automatic telephone dialing system under the Act. *See Morse v. Allied Interstate, LLC*, 65 F. Supp. 3d 407 (M.D. Pa. 2014)(Nealon, J.).

24. The calls made to Plaintiff were not made for "emergency purposes," as defined in 47 C.F.R. § 64.1200.

25. These telephone calls were not made with the Plaintiff's prior express consent.

26. These telephone calls were placed while Plaintiff was in the United States.

27. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendant caused to be made to Plaintiff's cellular telephone number.

28. Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

29. For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

4

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable:

_____
Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

### Verification of Complaint and Certification
### by Plaintiff Cheryl Zondlo

Plaintiff, Cheryl Zondlo, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April __18__, 2016.   _Cheryl Zondlo_
                                   Cheryl Zondlo, Plaintiff